1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   EMIL BAJEK, JR.,                    )      NO. EDCV 13-1262-SJO (AGR)
12              Petitioner,              )
13       v.                             )
14   ELVIN VALENZUELA, Warden,           )      ORDER TO SHOW CAUSE
15              Respondent.             )
16                                       )
17   _____    )
18       On July 18, 2013, Petitioner filed a Petition for Writ of Habeas Corpus
19   pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the
20   one-year statute of limitations has expired.
21       The court, therefore, orders Petitioner to show cause, on or before **August
22   22, 2013**, why the court should not recommend dismissal of the petition with
23   prejudice based on expiration of the one-year statute of limitations.
24
25
26
27
28

# I.

## PROCEDURAL BACKGROUND

On December 13, 2008, a San Bernardino County jury convicted Petitioner of three counts of assault with a firearm on a peace officer and found true that he personally used a firearm during the commission of the three assaults.  (Petition at 2); *People v. Bajek*, 2010 WL 1918701, *1 (2010).  The court sentenced Petitioner to 16 years in prison.  (*Id.*)  On May 13, 2010, the California Court of Appeal affirmed the conviction with modifications to prison credits.  (Petition at 2-3.)  On September 14, 2010, the California Supreme Court denied review.  California's online Appellate Courts Case Information in Case No. S183917.[1]

On September 7, 2011, Petitioner filed a habeas petition in the Court of Appeal, which was denied on September 16, 2011.  (Petition at 3-4.)[2]  On October 24, 2011, Petitioner filed a habeas petition in the California Supreme Court, which was denied on July 25, 2012.  (*Id.* at 4.)

On July 18, 2013, Petitioner filed the instant petition in this court in which he raises two grounds.

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

---

[1]  Petitioner states he did not appeal, but he is incorrect.  (Petition at 2.)

[2]  Petitioner is represented here by Attorney Hodge.  Petitioner was represented by Hodge in both of his state habeas petitions.

1
2

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

3
4
5
6

The California Supreme Court denied review on direct appeal on September 14, 2010.  Petitioner's conviction became final 90 days later on December 13, 2010.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations expired on December 13, 2011.

7

### A.    Statutory Tolling

8
9
10

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

11
12
13
14

Petitioner filed his first habeas petition in the Court of Appeal on September 7, 2011, at which point 97 days remained in the limitations period (December 13, 2011 – September 7, 2011).  Petitioner did not file here until almost one year after the California Supreme Court denied his habeas petition on July 25, 2012.

15

Absent equitable tolling, the petition is time-barred.

16

### B.    Equitable Tolling

17
18
19
20
21
22
23
24
25
26
27
28

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary

3

1    circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"

2    *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in

3    original).

4         Petitioner does not indicate he is entitled to equitable tolling.  The petition

5    remains time-barred.

6         **C.    Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

7         The statute of limitations may start to run on "the date on which the factual

8    predicate of the claim or claims presented could have been discovered through

9    the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to

10   run when the petitioner knows or through diligence could discover the important

11   facts, not when the petitioner recognizes their legal significance.  *See Hasan v.*

12   *Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

13        In Ground Two, Petitioner argues his trial counsel was ineffective because

14   he failed to present evidence about Petitioner's mental state to the jury.  (Petition

15   at 5-6.)

16        Petitioner was aware of the factual predicate underlying this ground at the

17   time of trial.  Accordingly, the date of discovery does not assist Petitioner.

18                                         **III.**

19                              **ORDER TO SHOW CAUSE**

20        IT IS THEREFORE ORDERED that, on or before ***August 22, 2013***,

21   Petitioner shall show cause, if there be any, why the court should not recommend

22   dismissal with prejudice of the petition based on expiration of the one-year statute

23   of limitations.

24

25

26

27

28

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  July 22, 2013

_Alicia G. Rosenberg_

_____
ALICIA G. ROSENBERG
United States Magistrate Judge